UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERSCOPE RECORDS, a California general partnership; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>       Plaintiffs,<br><br>vs.<br><br>KIM TRAN,<br><br>       Defendant. | Case No.: 08 C 00479<br><br>Honorable Joan H. Lefkow |

## STIPULATION TO JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs and Defendant hereby stipulate to the following terms, and that the Court may enter a final Judgment and Permanent Injunction in favor of Plaintiffs and against Defendant without further notice or appearance by the parties, as follows:

1. Defendant shall pay to Plaintiffs in settlement of this action the sum of $10,150.00.

2. Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $550.00.

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or

later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

>  (a)   using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

>  (b)   causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

  4.   Defendant has been properly and validly served with the Summons and Complaint in this action, and is subject to the jurisdiction of the Court.

  5.   Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent

Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6. Defendant irrevocably and fully waives any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes this Stipulation to Judgment and Permanent Injunction.

8. Defendant acknowledges that Defendant has read this Stipulation to Judgment and Permanent Injunction, and the attached [Proposed] Judgment and Permanent Injunction, has had the opportunity to have them explained by counsel of Defendant's choosing, fully understands them and agrees to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.  Defendant is at least 18 years old and is otherwise legally competent to enter into this Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

          INTERSCOPE RECORDS; MOTOWN RECORD COMPANY, L.P.; SONY BMG MUSIC ENTERTAINMENT; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; UMG RECORDINGS, INC.; and BMG MUSIC

DATED: May 14, 2008      By:   /s/ Amanda C. Jones
                                                           One of its attorneys

Keith W. Medansky (ARDC #06195673)
Ann Marie Bredin (ARDC #06255663)
Amanda C. Jones (ARDC #06286509)
**DLA PIPER US LLP**
203 N. LaSalle Street  Suite 1900
Chicago, Illinois 60601-1293
Tel. (312) 368-4000
Fax. (312) 236-7516

DATED: _____      By: _____
                                                      Kim Tran, *in pro per*

                                                      KIM TRAN

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

```
                                    INTERSCOPE RECORDS; MOTOWN RECORD
                                    COMPANY, L.P.; SONY BMG MUSIC
                                    ENTERTAINMENT; ARISTA RECORDS LLC;
                                    ATLANTIC RECORDING CORPORATION;
                                    UMG RECORDINGS, INC.; and BMG MUSIC

                                    Plaintiffs
```

DATED: _____    By: _____
                                 One of its attorneys

Keith W. Medansky (ARDC #06195673)
Ann Marie Bredin (ARDC #06255663)
Amanda C. Jones (ARDC #06286509)
**DLA PIPER US LLP**
203 N. LaSalle Street  Suite 1900
Chicago, Illinois 60601-1293
Tel. (312) 368-4000
Fax. (312) 236-7516

DATED: 4/30/08    By: _____
                     Kim Tran, *in pro per*

                     KIM TRAN

4